**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JUAN R. CRISOSTOMO, et al., | |
| Plaintiffs, | Civil Action No. 08-1771 (MAS) |
| v. | **OPINION** |
| EXCLUSIVE DETAILING, INC., | |
| Defendant. | |

**SHIPP, U.S.M.J.**

Presently before the Court is the motion by Defendant Exclusive Detailing, Inc. ("Exclusive") for summary judgment. (Docket Entry 57.) The Plaintiffs, current or former hourly workers employed by Exclusive as automobile detailers, oppose the motion. (Docket Entry 61.) They allege Exclusive failed to pay an overtime premium for hours worked in excess of forty hours in a workweek. This Court has reviewed the papers filed by the parties in connection with the instant motion for summary judgment and, pursuant to Federal Rule of Civil Procedure 78, rules on the motion based on the papers submitted. For the following reasons, Exclusive's motion for summary judgment is **DENIED**.

I.   **BACKGROUND**

This matter arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. § 34:11-56a, et seq. On April 11, 2008, Plaintiff Juan R. Crisostomo initiated this action on behalf of himself and similarly

situated hourly employees of Exclusive, pursuant to 29 U.S.C. § 216(b). This Court granted Plaintiffs' motion to conditionally certify a Section 16(b) FLSA class in October of that year.[1] The FLSA class consists of individuals currently or formerly employed by Exclusive in New Jersey who worked at least one full workweek since April 11, 2005.

Notably, Count I of Plaintiffs' Complaint alleges Exclusive violated 29 U.S.C. § 207(a)(1) by failing to pay the mandatory time-and-a-half overtime premium for weeks where Plaintiffs worked in excess of 40 hours. Count II of the Complaint alleges Exclusive violated § 34:11-56(a)(4) of the NJWHL.[2] However, pursuant to Federal Rule of Civil Procedure 23, Plaintiffs have elected not to bring their NJWHL claim as a class action. Instead, Plaintiffs are proceeding as eleven party plaintiffs when asserting their state wage and hour law claims.

Exclusive moved for summary judgment on Plaintiffs' claims on April 15, 2010.

## II. DISCUSSION

### A. Legal Standard

The standard upon which a court must evaluate a summary judgment motion is well-established. Federal Rule of Civil Procedure 56(c) provides that summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together

---

[1] Plaintiffs' original motion for conditional certification of an FLSA class included eight other parties in addition to Mr. Crisostomo. Since the FLSA class was certified, two more Plaintiffs have joined the collective action, pursuant to Section 16(b)'s "opt-in" provision. See Morisky v. Public Serv. Elec. & Gas Co., 111 F. Supp. 2d 493, 496 (D.N.J. 2000). The FLSA class now consists of 11 members: Juan R. Crisostomo, Aneury Almonte, Cristino Canela, Octaviano Brea, Andres Tejada, Fidelio Tejada, Jose Luis Tejada, Santiago Tejada, Felix Placencia, Anulfo A. Almonte and Daniel P. Fernandes.

[2] This provision provides that "[e]very employer shall pay each of his employees . . . 1 1/2 times such employee's regular hourly wage for each hour of working time in excess of 40 hours in a week[.]" N.J. Stat. § 34:11-56(a)(4). It mirrors the overtime compensation requirements set out by FLSA, except that where the NJWHL sets the overtime compensation rate specifically at time-and-a-half, FLSA merely makes that figure the minimum rate for overtime compensation. See 29 U.S.C. § 207(a)(1).

with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. S. Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000). In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the non-moving party. See Boyle v. County of Allegheny Pa., 139 F.3d 386, 393 (3d Cir. 1998). The moving party bears the burden of establishing that no genuine issue of material fact remains. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A genuine factual dispute exists if a court finds that a reasonable jury could return a verdict in favor of the non-moving party, and the dispute is material if, under substantive law, the dispute would affect the outcome of the matter. Liberty Lobby, Inc., 477 U.S. at 248 (1986).

Once the moving party has properly supported its showing of no triable issue of fact and of an entitlement to judgment as a matter of law, the non-moving party must demonstrate that a genuine issue as to a material fact exists. Jersey Cent. Power & Light Co. v. Lacey Twp., 772 F.2d 1103, 1109 (3d Cir. 1985). The non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986); see also Liberty Lobby, Inc., 477 U.S. at 247-48. As set forth by the Supreme Court, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)); Big Apple BMW, Inc. v. BMW of N. Am., Inc., 974 F.2d 1358, 1363 (3d Cir. 1992), cert. denied, 507 U.S. 912 (1993) ("to raise a genuine issue of material fact . . . the [non-moving party] need not match, item for item, each

3

piece of evidence proffered by the movant," but "must exceed the 'mere scintilla' threshold")). Stated differently, "[a] non-moving party has created a genuine issue of material fact if it has provided sufficient evidence to allow a jury to find in its favor at trial." Gleason v. Norwest Mortg., Inc., 243 F.3d 130, 138 (3d Cir. 2001).

### B. Plaintiffs' Fair Labor Standards Act Claim (Count I)

Exclusive's motion for summary judgment raises two arguments. Exclusive argues that it is entitled to summary judgment because Plaintiffs have not met their burden to show with particularity the dates and times for which they allege overtime was not paid. It further contends that Plaintiffs' inability to prove damages with specificity warrants summary judgment in Exclusive's favor.[3]

Plaintiffs' argument in opposition is simple: Exclusive's failure to maintain any records whatsoever of Plaintiffs' hours worked or compensation received is fatal to its motion for summary judgment, regardless of the lack of specificity of Plaintiffs' evidence. (Pls.' Opp'n Br. 7.) They maintain that when both parties in FLSA litigation lack specific records regarding time worked, the consequences fall squarely on the negligent employer. (Id. at 10.)

Here, as outlined herein, this Court finds that as a matter of law and based on the factual record before the Court, Exclusive has failed to demonstrate that Plaintiffs cannot carry their

---

[3] In its reply to Plaintiffs' opposition brief, Exclusive presents for the first time an alternative argument: Even if the employees *did* work the hours they allege, that work was done on behalf of another company. In support, Exclusive attaches a certification of its general manager, Carl DeAlmeida, which alleges that the Plaintiffs colluded with Daniel Maya, a former Exclusive employee, to do work for his company and bill the hours worked to Exclusive. (Cert. of Carl DeAlmeida ¶ 6.) Therefore, Exclusive could not be liable for any overtime work carried out by Plaintiffs in such a capacity because it was not in fact done for Exclusive.

This Court is not persuaded by these assertions. While the certification of Mr. DeAlmeida raises factual issues to be considered by the fact finder at trial, the Court will not entertain this alternative argument, as it is offered for the first time in a reply brief and as such, denies Plaintiffs an opportunity to respond. Anspach v. City of Phila., 503 F.3d 256, 258 n.1 (3d Cir. 2007) ("failure to raise an argument in one's opening brief waives it.").

burden of proof at trial. Indeed, Plaintiffs satisfy the Supreme Court's <u>Anderson v. Mt. Clemens</u> burden, as discussed below in detail, creating general issues of material fact thereby necessitating trial. <u>See</u> 328 U.S. 680 (1946).

Under the Fair Labor Standards Act, an employer must compensate employees who work more than forty hours in any given workweek at a rate of one and one-half times their hourly rate of pay. 29 U.S.C. § 207(a)(1). An employee bringing suit for unpaid overtime compensation bears the burden of proving that he or she was not properly compensated for work performed on behalf of an employer. <u>Mt. Clemens</u>, 328 U.S. at 687. However, FLSA requires every employer to keep records of the "wages, hours, and other conditions and practices" of its employees. 29 U.S.C. § 211(c). Regulations advanced pursuant to Section 11(c) of the FLSA require employers to keep, *inter alia*, payroll records of the following: 1) hours worked per day; 2) total hours worked per week; 3) total daily or weekly straight-time earnings; and 4) total premium pay for overtime hours. <u>See</u> 29 C.F.R. 516.2; <u>see also</u> <u>Williams v. Tri-County Growers, Inc.</u>, 747 F.2d 121, 127 (3d Cir. 1984) ("The purpose of these regulations is to ensure that each employee at least receives the minimum wage rate for each hour worked."). These payroll records must be preserved for three years. 29 C.F.R. 516.5. An employer's failure to comply with these record-keeping provisions has important ramifications for an employee's burden of proof in an FLSA action.

The Third Circuit has consistently followed Supreme Court precedent in recognizing that "[A]n employee should not be penalized and an employer benefitted by the employer's failure to comply with its duty under [29 U.S.C. § 211(c)] to maintain accurate records." <u>Tri-County Growers</u>, 747 F.2d at 128 (citing <u>Mt. Clemens</u>, 328 U.S. at 687); <u>see</u> <u>Martin v. Selker Bros.</u>, 949 F.2d 1286, 1297 (3d Cir. 1991) ("The burden of any consequent imprecision from the absence of an employer's records must be borne by that employer"). Thus, while no *per se* liability arises

5

from an employer's failure to maintain its section 11(c) payroll records, the Supreme Court has stated that such a failure necessitates applying a burden shifting analysis to militate against making an employee's burden of proof an impossible one. Mt. Clemens, 328 U.S. at 687.

When an employer cannot come forward with payroll records that are adequate to satisfy section 11(c), an employee satisfies the burden of proof if he or she produces enough evidence to permit a court to make a "fair and reasonable" inference that the employee performed work for which he or she received improper compensation. Id.; Tri-County Growers, 747 F.2d at 128 ("The employee need only introduce enough evidence to support a reasonable inference of hours worked."). Once satisfied, the burden shifts to the employer, who must provide evidence that sets forth the "precise amount of work performed" or that otherwise "negatives the reasonableness of the inference to be drawn from the employee's evidence." Mt. Clemens, 328 U.S. at 687. If the employer cannot satisfy its burden, a court may then award an employee damages, even though "the result may only be approximate." Martin, 949 F.2d at 1297 (quoting Mt. Clemens, 328 U.S. at 687).

With this well-established analytical framework as a backdrop, it is clear here that Exclusive seeks to impose a burden upon the Plaintiffs-employees that runs contrary to well established FLSA caselaw. Undergirding Exclusive's arguments in support of summary judgment is the same basic assertion: A complainant cannot carry an FLSA overtime claim to trial solely by asserting that overtime hours were worked and premiums were not paid for some of those hours. However, the Supreme Court recognized over six decades ago that the records Exclusive contends are indispensable to Plaintiffs' ability to prevail are rarely kept by employees themselves; and, in the rare case they are kept, such records are frequently unreliable. Mt. Clemens, 328 U.S. at 687. Here, Exclusive "is in [a] position to know and to produce the most

probative facts concerning the nature and amount of work performed [by its employees]." Id. As such, the Third Circuit has held that to defeat a defendant-employer's motion for summary judgment, the plaintiff-employee in an FLSA overtime case merely needs to come forward with enough evidence from which it could be reasonably inferred that hours were worked for which an overtime premium was not compensated. See Tri-County Growers, 727 F.2d at 128.

This Court finds that Plaintiffs have proffered sufficient evidence to withstand the instant motion for summary judgment. A plaintiff's sworn testimony in and of itself is sufficient to meet the "just and reasonable inference" standard. See id.; see also Marshall v. Van Matre, 634 F.2d 1115, 1119 (8th Cir. 1980) (awarding injunctive relief based solely on the statements of eleven employees who testified to the number of hours worked). Here, nine of the eleven Plaintiffs have provided sworn affidavits which attest to years of unpaid overtime compensation. Additionally, Plaintiffs have come forward with timesheets for certain employees from a three-week stretch in February of 2008, seemingly to buttress the assertions of the sworn affidavits.

In its moving brief, Exclusive admonishes the Plaintiffs for not specifically indicating the dates and times they were not paid overtime. While it is true that Plaintiffs' sworn affidavits use terms like "generally" and "typically" in describing their lack of overtime compensation, "precision" is the cross the employer must bear when it does not comport with its section 11(c) record-keeping duty. See Mt. Clemens, 328 U.S. at 687. "Unless the employer can provide accurate estimates, it is the duty of the trier of facts to draw whatever inferences can be drawn from the employee's evidence[.]" Id. at 693. Thus, Plaintiffs can meet their initial burden of proof to defeat Exclusive's summary judgment motion by relying on the testimony of representative employees. See Reich v. Gateway Press, Inc., 13 F.3d 685, 702 (3d Cir. 1994) (citing Martin, 949 F.2d at 1298). As a matter of "just and reasonable" inference, nine sworn

certifications averring broad patterns and practices of overtime pay violations, in conjunction with certain Plaintiffs' timesheets evidencing the same, are sufficient to exceed the "mere scintilla threshold" and create a genuine dispute of material fact.

"[T]he major principle of Mt. Clemens [is] that, once [the plaintiffs'] prima facie case is made, the burden shifts to the employer to dispute it with precise evidence of hours worked." See Martin, 949 F.2d at 1298. With the Plaintiffs having satisfied the first prong of Mt. Clemens, it is Exclusive's burden to "negative the reasonableness of the inference to be drawn from the employee's evidence." Id. at 1297 (quoting Mt. Clemens, 328 U.S. at 687). Exclusive has not come forward with the accurate and detailed records needed to defeat the inference, which a reasonable trier of fact may draw from Plaintiffs' evidence. See id. The only evidence proffered by Exclusive are the tautological assertions by Mr. DeAlmeida that the Plaintiffs did not work the hours alleged and that when they did work, they were paid the proper wage for those hours. (Def.'s Ex. A, Carl DeAlmeida Dep. 53:15-19; Cert. of Carl DeAlmeida ¶ 7.) Exclusive fails to cite to any binding authority that stands for the proposition that an employer, without providing any payroll documentation whatsoever, can discharge its burden under Mt. Clemens solely by using management's *ipse dixit* assertions that the employees were in fact compensated an overtime premium.

Exclusive's argument that summary judgment is warranted because Plaintiffs have not proffered specific evidence of damages is similarly unconvincing. In short, "[t]he employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had [the employer] kept records in accordance with the requirements of [section 11(c)]." Mt. Clemens, 328 U.S. at 687. In light of Exclusive's failure to provide wage and hour records, the solution is not to bar Plaintiffs' recovery by dismissing their FLSA claim at

summary judgment, but rather to allow Plaintiffs to submit evidence from which the amount of damages can be reasonably inferred. See Martin, 949 F.2d at 1297 (citing Mt. Clemens, 328 U.S. at 687). The credibility of such evidence is a determination to be made by the trier of fact.

### C.  **Plaintiff's New Jersey Wage and Hour Law Claim (Count II)**

Although the instant motion purports to seek summary judgment on the entirety of the Plaintiffs' complaint, Exclusive's moving brief does does not reference Plaintiffs' NJWHL claim whatsoever. While it is not the province of this Court to do litigants' work for them, this opinion will briefly address Plaintiffs' cause of action for unpaid overtime compensation under the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56(a), et seq.

Notably, because the NJWHL overtime compensation and record-keeping requirements are modeled after and nearly identical to their analogous Fair Labor Standards Act regulations, judicial interpretations construing FLSA are applicable. See Marx v. Friendly Ice Cream Corp., 695 A.2d 1301, 1314 (N.J. Super. App. Div. 2005) (construing similar "executive employee" provisions); see, e.g., N.J.S.A. § 34:11-56a20 ("Every employer of employees subject to this act shall keep a true and accurate record of the hours worked and the wages paid by him to each[.]"). As such, this Court's analysis under the Mt. Clemens burden shifting framework set forth in section II.B.1 of this Opinion is germane to Plaintiffs' allegations of state law overtime compensation violations. Thus, in whatever capacity Exclusive's motion for summary judgment can be construed as attempting to dispose of Plaintiffs' NJWHL cause of action, such motion is denied for the same reasons this Court denies Exclusive's motion for summary judgment on Plaintiffs' FLSA claim.

### III. CONCLUSION

For the foregoing reasons, the Court denies Exclusive's motion for summary judgment. Plaintiffs have demonstrated the existence of "specific facts showing a genuine issue for trial," Fed. R. Civ. P. 56(e), as to their claims for unpaid overtime compensation pursuant to the Fair Labor Standards Act, 29 U.S.C. 201 et seq., and the New Jersey Wage and Hour Law, N.J.S.A. § 34:11-56a, et seq. An appropriate form of order will be filed together with this Opinion.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**United States Magistrate Judge**

DATED: June 28, 2010